[No. 5213–1.   Division One.   January 9, 1978.]

TRYG FORTUN, ET AL, *Petitioners,* v. THOMAS G. McCREA, *Judge of the Superior Court for Snohomish County, Respondent.*

8

*Kempton, Savage & Gossard* and *Anthony Savage,* for petitioners.

*Robert E. Schillberg, Prosecuting Attorney,* and *Timothy P. Ryan, Deputy,* for respondent.

CALLOW, J.—The petitioner, Barbara Ann Ekren Fortun, sought discretionary review of orders requiring her to appear and testify before a special inquiry judge of the Snohomish County Superior Court. Review was granted; we reverse.

The facts are undisputed. On September 14, 1976, deputies of the Snohomish County sheriff's office found approximately 5 to 10 acres of marijuana growing in a cornfield adjacent to the residence of Tryg Fortun. On October 21, 1976, Barbara Ann Ekren was subpoenaed to appear before a special inquiry judge of the Snohomish County Superior Court to testify concerning the possession and ownership of the marijuana. On October 25, 1976, the day she was scheduled to appear before the special inquiry judge, Ekren married Tryg Fortun. She appeared, but declined to answer questions on the basis of marital privilege. Subsequent hearings were held, and on November 18, 1976, an order was entered requiring her to testify on December 2, 1976:

> This matter having come on regularly before the undersigned Judge of the above entitled Court on November 12, 1976, pursuant to an Inquiry Judge proceeding wherein a subpoena was issued for Barbara Ekren, . . . and the Court having been advised that Barbara Ekren married Tryg Fortun on the morning of the day she was to testify before the Inquiry Judge, and that Barbara Ekren would claim marital incompetency to testify in the proceeding, and the Court having fully considered the matter and having reviewed the briefs of both counsel, and the Court having found that CrR 6.12 superseded the marital incompetency statute, RCW 5.60-.060, Now Therefore,
>
> IT IS HEREBY ORDERED ADJUDGED and DECREED that Barbara Ekren report to the above–entitled Court to testify on December 2, 1976, at 4:00 p.m.

The sole issue is whether the trial court erred in concluding that CrR 6.12 superseded RCW 5.60.060(1), and thereby eliminated the rule of marital privilege in criminal cases.

RCW 5.60.060(1) provides:

A husband shall not be examined for or against his wife, without the consent of the wife, nor a wife for or against her husband without the consent of the husband; nor can either during marriage or afterward, be without the consent of the other, examined as to any communication made by one to the other during marriage. But this exception shall not apply to a civil action or proceeding by one against the other, nor to a criminal action or proceeding for a crime committed by one against the other, nor to a criminal action or proceeding for a crime committed by said husband or wife against any child of whom said husband or wife is the parent or guardian.

As stated in *State v. Thompson,* 88 Wn.2d 518, 522, 564 P.2d 315 (1977):

It will be noted that this statute covers two privileges, which are closely related, but separate. The first part of the quoted section covers testimony as to factual matters known to the spouse, regardless of how the spouse received the information. The second part of the section covers communications between the spouses.

Effective January 1, 1975, the Supreme Court adopted CrR 6.12(a), which provides:

Any person may be a witness in any action or proceeding under these rules except as hereinafter provided.

CrR 6.12(c) states those persons incompetent to testify are:

(1) Those who are of unsound mind, or intoxicated at the time of their production for examination; and (2) children who do not have the capacity of receiving just impressions of the facts about which they are examined or who do not have the capacity of relating them truly. This shall not affect any recognized privileges.

The State contends that under its rule–making power, the Supreme Court, in adopting CrR 6.12, abolished the rule of marital privilege in criminal cases. We disagree. The adoption of CrR 6.12 was not intended to affect the

marital privilege which precludes one spouse from testifying against the other without the other's consent. *State v. Thompson, supra,* states at page 524:

> We agree with defendant, however, that CrR 6.12 does not supersede RCW 5.60.060(1). *See* 5 R. Meisenholder, Wash. Prac. § 164 (Supp. 1975) and CrR 6.12(c) which states, "This shall not affect any recognized privileges."

The trial court erred in determining that CrR 6.12 superseded RCW 5.60.060.

▪ The State also contends that the marital privilege does not apply to proceedings before a special inquiry judge. This argument is based upon *State v. Osborne,* 18 Wn. App. 318, 322, 569 P.2d 1176 (1977), which stated:

> Defendant contends that the search warrant based upon an affidavit containing statements of his wife is void because RCW 5.60.060(1) gives defendant the privilege not to have his spouse testify against him without his consent. This privilege, however, applies when the testimony of the spouse is offered at a trial or hearing. . . . We hold the privilege is not applicable to the issuance of a search warrant. It is clear that evidence that would not be competent or admissible at trial may nevertheless furnish "probable cause" for the issuance of a search warrant.

(Citations omitted.) We find that *Osborne* is distinguishable from this case. RCW 5.60.060(1) prohibits the *examination* of one spouse against the other without the other's consent. In *Osborne,* the State did not attempt to examine the defendant's wife concerning statements that had been made. In this case, however, Barbara Ann Ekren Fortun was ordered to personally appear before the special inquiry judge to be examined concerning the investigation of her husband. The attempted examination was inimical to the purpose of RCW 5.60.060(1).

Reversed.

JAMES and WILLIAMS, JJ., concur.

Reconsideration denied April 12, 1978.

Review denied by Supreme Court October 20, 1978.